## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. WHITE, LINDA M. WHITE, KENYA M. WHITE, minor, by parent, LINDA M. WHITE, KAYLA M. WHITE, minor by parent LINDA M. WHITE, and MICHAEL A. WHITE, JR., minor, by parent, LINDA M. WHITE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | NO:    12 CV 07853 |
| vs. | ) ) | Judge John A. Nordberg |
| STEVEN L. HEFEL, JUSTIN M. HOMER, FRANK V. RAMAGLIA, MICHAEL R. LAURIE, MICHAEL W. SUING, JOHN D. O'KEEFE, and CITY OF CHICAGO, | ) ) ) ) ) | Magistrate Judge Michael T. Mason |
| Defendant. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the Defendants, by and through their attorneys, **SANCHEZ DANIELS & HOFFMAN LLP,** and pursuant to Federal Rule of Civil Procedure 50, move the Court for entry of an Order entering judgment in favor of the Defendants as a matter of law on all Counts.    In support of said motion, the Defendants state as follows:

## LEGAL STANDARD

If, after a party has been fully heard on an issue during a jury trial, the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may grant a motion for judgment as a matter of law.  FRCP 50.  The key inquiry is whether there exists a legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *Delmer v. Cincinnati Sub-Zero Products, Inc.,* 58 F.3d 341, 343 (7th Cir. 1995).  Accordingly, a directed verdict is appropriate when the evidence gives rise to no dispute

as to the material issues or when the evidence is so clear and convincing as to reasonably permit unbiased and impartial minds to come to only one conclusion. *DeSantis v. Parker Feeders, Inc.,* 547 F.2d 357, 360 (7th Cir. 1976); *See also Greene v. Potter,* 557 F.3d 765 (7th Cir. 2009).

## EVIDENCE ON COUNTS

The Court has heard the Evidence in this matter and the Defendants at this time will rely upon the Court's recollection of the evidence presented.

With respect to Count I, there is insufficient credible evidence to support Plaintiff Michael White, Sr.'s claim of Excessive Force against Defendant Steven Hefel under 42 U.S.C. Section 1983.

The Plaintiff has dismissed Count II.

With respect to Count III, there is insufficient credible evidence to support Plaintiff Linda White's claim of Excessive Force against all Defendant Officers under 42 U.S.C. Section 1983. By her testimony, Mrs. White only identified Defendant Steven Hefel as to her claim of Excessive Force. Furthermore, the evidence is insufficient and not credible. Mrs. White acknowledged in her testimony that Officer Hefel's gun was only incidentally pointed at her as he descended the stairway.

The Plaintiffs have dismissed Count IV.

With respect to Count V, there is insufficient credible evidence to support the Plaintiffs' claim of Illegal Seizure and Detention against all the Defendants under 42 U.S.C. Section 1983. This is especially true for Defendants Suing and Laurie who did not enter the home.

The Plaintiffs have dismissed Count VI.

With respect to Count VII, there is insufficient credible evidence to support the Plaintiffs' claim of Unconstitutional Entry of Home against all the Defendants under 42 U.S.C. Section

1983. This is especially true for Defendants Suing and Laurie who did not enter the home.

With respect to Count VIII, there is insufficient credible evidence to support the Plaintiffs' claim of Unconstitutional Search of Home against all the Defendants under 42 U.S.C. Section 1983. This is especially true for Defendants Suing and Laurie who did not enter or search the home.

The Plaintiffs have dismissed Count IX.

The Court has already dismissed Count X for property damage in pre-trial rulings.

With respect to Count XI, there is insufficient credible evidence to support the Plaintiffs' claim of Failure to Intervene against all the Defendants under 42 U.S.C. Section 1983. This is especially true for Defendants Suing and Laurie who did not enter or search the home and were not present when the Michael White, Sr. collided with or was thrown down the stairway as alleged by the Plaintiff.

There is insufficient evidence to support Count XII for Indemnification versus the City of Chicago if the other Counts are dismissed.

WHEREFORE, the Defendants request that this Honorable Court enter an Order entering judgment in favor of the Defendants as a matter of law on all Counts, or for such other relief.

Respectfully Submitted,

**SANCHEZ DANIELS & HOFFMAN, LLP**

By: __/s/_____Elaine C. Davenport_____
         One of the Attorneys for Defendants

Hugh C. O'Donnell - #6201724
Elaine C. Davenport - #6272827
**SANCHEZ DANIELS & HOFFMAN LLP**
**333 West Wacker Drive - Suite 500**
**Chicago, Illinois 60606**
**(312) 641-1555**